O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 09-3835 PSG (JCx) | Date | July 17, 2009 |
|---|---|---|---|
| Title | LetsRun.com LLC v. World Championship Sports Network, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present                              Not Present

**Proceedings:**   (In Chambers) Order Finding Plaintiff's Response Inadequate

I.   Background

On May 29, 2009, Letsrun.com LLC ("Plaintiff") commenced this action against World Championship Sports Network, Inc. ("Defendant"). In its Complaint, Plaintiff asserted that the Court has subject matter jurisdiction on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. However, on review of the Complaint, the Court found that the jurisdictional allegations were insufficient for two alternative reasons. First, Plaintiff, a limited liability company, failed to allege the citizenship of each of its members. Therefore, the Court was unable to determine Plaintiff's citizenship. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (noting that a limited liability company is a citizen of every state of which its owners/members are citizens). Second, the jurisdictional averment by Plaintiff regarding Defendant's principal place of business ("PPOB") was patently insufficient under 28 U.S.C. § 1332(c). *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990).

In light of the foregoing, the Court ordered Plaintiff to show cause in writing no later than July 15, 2009 why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. *See Order to Show Cause re Dismissal* (Dkt. # 18). In that Order to Show Cause re Dismissal ("OSC"), the Court warned Plaintiff that a failure to respond would result in the Court dismissing this action.

On July 15, 2009, Plaintiff filed a Response to the OSC. However, for the reasons that follow, this Court finds that Response to be inadequate.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3835 PSG (JCx) | Date | July 17, 2009 |
|---|---|---|---|
| Title | LetsRun.com LLC v. World Championship Sports Network, Inc. | | |

II.  Analysis

As the Supreme Court has stated:

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *see also A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).  Plaintiff claims that this Court has diversity jurisdiction over this matter.  However, this Court can only exercise diversity jurisdiction if there is "complete" diversity between the parties and the amount in controversy requirement must be met.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); 28 U.S.C. § 1332(a).  Accordingly, as it is the party invoking the Court's jurisdiction, it is up to Plaintiff to establish, inter alia, that complete diversity exists in this case.

The Court's OSC drew Plaintiff's attention to the fact that, due to various deficiencies in the Complaint, this Court was unable to determine Plaintiff's and Defendant's citizenship.  In response to this concern, Plaintiff has submitted evidence that its three members, Robert Johnson, Weldon Johnson, and John Kellog, are citizens of New York.  *See Robert Johnson Decl.* ¶¶ 1, 3; *Weldon Johnson Decl.* ¶¶ 2, 4.  These declarations adequately establish Plaintiff's citizenship as New York.

However, Plaintiff has failed to adequately establish Defendant's citizenship.  The Ninth Circuit determines a corporation's principal place of business by examining the entity's "total activities," which takes into account all aspects of the corporation's business, including where its operations are located, where it supervises that business, and where it employs persons and conducts its business.  *Indus. Tectonics,* 912 F.2d at 1094.  Accordingly, in determining a corporate party's principal place of business, this Court looks to the same factors.  This entails (1) determining the location of the majority of the corporation's (a) employees, (b) tangible property, and (c) production activities, and (2) ascertaining where most of the corporation's (a) income is earned, (b) purchases are made, and (c) sales take place*. Id.*  In its Response, Plaintiff states that on "information and belief," Defendant's PPOB is California.  *See Response* at p. 5. Plaintiff also candidly admits that it "does not know of the location of all the employees, tangible property, or production activities of [Defendant].  Furthermore, [Plaintiff] does not

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-3835 PSG (JCx) | Date | July 17, 2009 |
|---|---|---|---|
| Title | LetsRun.com LLC v. World Championship Sports Network, Inc. | | |

know where the income of [Defendant] is earned, or where its purchases and sales take place." *Id.*

    Based on the foregoing, the Court finds Plaintiff's Response to be inadequate. As the Court noted in its OSC, certain information must be presented to the Court so that the Court can properly determine Defendant's PPOB. That information is still not before the Court. Consequently, the Court is in the same position it was when it first issued the OSC – it still cannot properly determine whether complete diversity exists in this case.

    However, as the facts necessary to adequately respond to the OSC are not within Plaintiff's control, the Court, rather than dismiss the case, grants Plaintiff permission to conduct limited discovery regarding Defendant's principal place of business. Plaintiff is hereby ordered to submit a supplemental response to the OSC by November 2, 2009.

    **IT IS SO ORDERED.**